# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAURA BUNAR, | Case No. 2:16-cv-02865-APG-CWH |
| Plaintiff | **ORDER GRANTING ALIANTE GAMING'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT** |
| v. | |
| ALIANTE GAMING, LLC, | (ECF No. 8) |
| Defendant. | |

Plaintiff Laura Bunar sues her former employer, Aliante Gaming, LLC, alleging age discrimination, retaliation, hostile work environment, and intentional infliction of emotional distress. Aliante moves to dismiss Bunar's state law claims of discrimination and retaliation because Bunar did not timely exhaust her administrative remedies when she filed her charge with the Nevada Equal Rights Commission (NERC) after the 180-day deadline imposed by Nevada law. Aliante also argues the hostile work environment claim should be dismissed because Bunar failed to assert it in her charge with the NERC and because she has not alleged sufficient facts to support it.

I grant Aliante's motion to dismiss these claims. Bunar failed to file a charge with the NERC within 180 days of her termination, so her discrimination and retaliation claims were not timely exhausted. Bunar's hostile work environment claim fails because she did not list it as an allegation in her charge to the NERC, and therefore she failed to exhaust her administrative remedies.

## I. BACKGROUND

Bunar was a table games dealer at Aliante Casino for approximately five years. ECF No. 1 at 3. She claims she suffered discrimination when Aliante treated younger employees more favorably (such as promoting younger, less experienced employees to the "Party Pit") and discharged her for no valid reason. *Id.* at 8-9, 15. Additionally, Aliante allegedly retaliated

against Bunar after she complained about being treated unfairly. *Id*. at 16. These retaliatory acts included refusing to provide her with pertinent employment information, excluding her from consideration for advancement opportunities, passing her up for promotions, writing her up for activities that did not violate rules, and improperly terminating her. *Id*. at 13, 16.

Bunar's termination allegedly stemmed from an event on October 26, 2015, while she was working at a craps table. *Id*. at 4. A patron threw the dice and nearly hit Bunar in the face. *Id*. After Bunar asked the patron to adjust his behavior multiple times, the patron yelled obscenities and eventually left the table. *Id*. Bunar's supervisor, Joyce Orlando, then accused Bunar of losing the casino money. *Id*. The next day, Joyce suspended Bunar, and on November 3, 2015 Bunar was terminated based on the incident. *Id*. at 3, 5. After her termination, Aliante opposed Bunar's unemployment benefits on three separate occasions. *Id*. at 6. Bunar filed a charge with the NERC on August 12, 2016, alleging age and national origin discrimination and retaliation. *Id*. at 2, 22.

## II. ANALYSIS

I may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quotation omitted).

### A. State law claims for discrimination and retaliation

Counts four and five of the complaint allege employment discrimination and retaliation under Nevada law. ECF No. 1 at 15-17. Aliante argues that Bunar did not timely exhaust these claims because the last retaliatory and discriminatory act Bunar allegedly suffered was her

termination on November 3, 2015, but she did not file her charge with the NERC until August 12, 2016, which was 103 days too late. Bunar responds that the last act of discrimination and retaliation was not her termination, but rather Aliante's opposition to her unemployment benefits, the last of which occurred in March 2016. Bunar contends the three oppositions to her unemployment benefits were continuing violations that extend the time to file her charge. Bunar also argues that her charge was filed within the 180-day deadline because on May 13, 2016, she wrote a letter to the NERC complaining of the discriminatory and retaliatory acts.

An employee alleging employment discrimination must exhaust her administrative remedies by filing a charge with the NERC within 180 days "of the act complained of" before suing in court. Nev. Rev. Stat. § 613.430. The complaint alleges Bunar was terminated on November 3, 2015 and filed her charge with the NERC on August 12, 2016. Taking these allegations as true, Bunar's state law claims were not timely exhausted because she filed her charge more than 180 days after her termination.

Bunar asserts that her claims are nevertheless timely for two reasons: (1) she filed her charge on May 13, 2016 when she sent a letter to NERC, and (2) the continuing violation doctrine makes her charge timely because Aliante last opposed her unemployment benefits in March 2016. Neither of these theories nor the facts supporting them are alleged in the complaint. I therefore consider these arguments only for purposes of whether dismissal should be with or without prejudice.

I will dismiss Bunar's termination and pre-termination claims with prejudice because amendment would be futile. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) ("Futility alone can justify the denial of a motion for leave to amend."). As Bunar concedes, even if her May 13, 2016 letter counted as her charge with NERC, her charge was still untimely. ECF No. 16 at 3. Moreover, I predict the Supreme Court of Nevada would not apply the continuing violation doctrine to discrimination or retaliation claims that are based on discrete acts. *See Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1203 (9th Cir. 2002) (stating that if an issue has not been addressed, a federal court must predict what the state's highest court would do). In interpreting a

statute, the Supreme Court of Nevada looks first to the statute's plain language. *Allstate Ins. Co. v. Fackett*, 206 P.3d 572, 576 (Nev. 2009) (en banc). Section 613.430 requires a charge be filed with the NERC within 180 days "of the act complained of." Thus, by the statute's plain language, the time limit in which to file a charge runs from each discrete act of discrimination or retaliation. Additionally, "[i]n light of the similarity between Title VII of the 1964 Civil Rights Act and Nevada's anti-discrimination statutes," the Supreme Court of Nevada "look[s] to the federal courts for guidance in discrimination cases." *Pope v. Motel 6*, 114 P.3d 277, 280 (Nev. 2005) (footnote omitted). Under federal law, "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act," and the plaintiff therefore must file the charge "within the 180- or 300-day time period after the discrete discriminatory act occurred." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). Consequently, the contention that Aliante allegedly engaged in post-termination retaliatory acts does not extend the time limit for filing charges related to Bunar's termination and pre-termination acts of discrimination or retaliation. Thus, amendment to allege that the May 2016 letter is the timely charge would be futile as to Bunar's termination and pre-termination retaliation and discrimination claims. I therefore dismiss with prejudice Bunar's state law discrimination and retaliation claim for all acts up to and including her termination.

    The situation is less clear with respect to whether Bunar can state a claim based on Aliante's alleged post-termination opposition to her unemployment benefits. Aliante contends there is no such claim, relying on *Dannenbring v. Wynn Las Vegas, LLC*, No. 2:12-cv-00007-JCM-VCF, 2014 WL 518759 (D. Nev. Feb. 7, 2014). That case rejected the proposition that an employer could be deemed to have retaliated against an employee by opposing a request for unemployment benefits following termination. *Id.* at *5. "Employers have a lawful right to challenge unemployment insurance claims by former employees in administrative and judicial proceedings. A ruling that defendant's conduct constituted retaliation would place employers into an unwinnable paradox in which they would violate Title VII merely by arguing that their prior actions did not violate Title VII." *Id.*

I disagree with this analysis. An employer has a right to take many lawful acts, including terminating its employees and engaging in other disciplinary action, but it does not have the right to take those actions in retaliation for Title VII protected activity. Additionally, the employer does not violate anti-retaliation laws merely by arguing its prior acts did not violate those same laws. Instead, the plaintiff must plead facts making it plausible that the employer opposed the unemployment benefits in retaliation for the plaintiff's protected activity. I therefore reject Aliante's argument that *Dannenbring* forecloses a retaliation claim based on Aliante's opposition to Bunar's unemployment benefits.

That leaves the question of whether the claim is nevertheless futile because Bunar did not exhaust her administrative remedies. Under Nevada law, "if the employee alleging discrimination later files a district court action, she may only expand her discrimination action to include allegations of other discrimination if the new claims are reasonably related to the allegations of the [administrative] charge." *Pope*, 114 P.3d at 280 (quotation omitted). "Claims in a complaint are not like or reasonably related to allegations in an administrative charge unless a factual relationship exists between them." *Id.* "Consequently, an employee who brings unrelated claims in the district court without first presenting them to NERC has failed to exhaust her administrative remedies." *Id.*

Claims are reasonably related "if [those claims] fell within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002) (quotation and emphasis omitted). To determine whether the plaintiff has exhausted allegations not specifically in her administrative charge, I may consider factors such as "the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred." *Id.* Additionally, I may consider whether the allegedly unexhausted claims are "consistent with the plaintiff's original theory of the case." *Id.*

1 | Because the facts supporting such a claim were not alleged in the complaint, the parties' briefing does not fully address the issue of exhaustion. The dismissal therefore is without prejudice to Bunar alleging a retaliation claim based on Aliante's alleged retaliatory opposition to Bunar's request for unemployment benefits. If Bunar seeks to assert such a claim, she must file an amended complaint containing adequate factual allegations, if such facts exist.

**B. Hostile work environment**

Federal law also requires a party to exhaust administrative remedies by timely filing a charge with the Equal Employment Opportunity Commission (EEOC) or the appropriate state agency before bringing suit in federal court. *B.K.B.*, 276 F.3d at 1099. Allegations not included in the administrative charge "may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." *Id.* (quotation omitted). Claims are reasonably related "if [those claims] fell within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* (quotation and emphasis omitted).

In Bunar's charge to the NERC, she failed to include an allegation of hostile work environment. ECF No. 1 at 22. Bunar checked boxes for discrimination and retaliation and included factual allegations to support only those particular claims. *Id*. To the extent she seeks leave to amend her complaint to include allegations about the May 2016 letter, she did not list hostile work environment as a basis for a claim there either, nor do the sporadic incidents listed in the letter suggest Bunar was claiming a hostile work environment. ECF No. 16-1; *see Manatt v. Bank of Am.*, 339 F.3d 792, 798 (9th Cir. 2003) (stating that a hostile work environment claim must show "the conduct was sufficiently severe or pervasive to alter the conditions of [the plaintiff's] employment and create an abusive work environment" (quotation omitted)). Neither charge would have put the NERC on notice to investigate such a claim, so Bunar's hostile work environment claim is not reasonably related to the claims in her charge. Because Bunar did not timely exhaust this claim, I grant Aliante's motion to dismiss it without leave to amend because amendment would be futile.

**C. Doe and Roe defendants**

Bunar has agreed to drop the Doe and Roe defendants in this case.

## III. CONCLUSION

IT IS THEREFORE ORDERED that Aliante's motion to dismiss **(ECF No. 8) is GRANTED**. Bunar's hostile work environment claim (count three) is DISMISSED with prejudice. Bunar's claims for discrimination under Nevada law (count four) and retaliation under Nevada law (count five) are DISMISSED with prejudice to the extent those claims are based on her termination and any acts taken before her termination. Counts four and five are dismissed without prejudice to the extent those claims are based on Aliante's alleged opposition to Bunar's request for unemployment benefits. Bunar's claims against the Roe and Doe defendants are also dismissed.

IT IS FURTHER ORDERED that, if sufficient facts exist, plaintiff Laura Bunar may file an amended complaint to assert counts four and five based on Aliante's alleged opposition to Bunar's request for unemployment benefits. The amended complaint, if Bunar chooses to file one, must be filed on or before August 31, 2017.

DATED this 10th day of August, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE